IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 1 4 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-02185-BNB

MICHAEL GRADY,

    Applicant,

v.

R. WILEY, Warden,

    Respondent.

ORDER TO SHOW CAUSE

Applicant, Michael Grady, is a prisoner in the custody of the United States Bureau of Prisons at the Federal Prison Camp at Florence, Colorado. Mr. Grady has filed **pro se** an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court must construe the application liberally because Mr. Grady is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the **pro se** litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Grady will be ordered to show cause why the application should not be denied.

Mr. Grady raises two claims challenging the validity of his conviction. He specifically claims that he is actually innocent of conspiracy because no true co-conspirators existed and that the grand jury proceedings were defective. Mr. Grady was convicted pursuant to a guilty plea in the United States District Court for the Eastern District of Missouri and he is serving a sentence of 112 months in prison. The

judgment of conviction was affirmed on direct appeal. *See United States v. Grady*, Nos. 00-1453, 00-2575, 2000 WL 1770286 (8th Cir. Dec. 4, 2000). Mr. Grady previously has challenged the validity of his conviction in the sentencing court. He also has filed at least two habeas corpus applications pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Illinois while he was incarcerated at a federal prison in that district raising the same two claims he raises in the instant action. *See Grady v. Bledsoe*, No. 06-175-JLF, 2006 WL 1596521 (S.D. Ill. June 6, 2006).

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant

2

to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

As noted above, Mr. Grady is challenging the validity of his conviction. However, he fails to demonstrate that the remedy available to him in the sentencing court pursuant to § 2255 is inadequate or ineffective. The fact that Mr. Grady has been denied relief in the sentencing court does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. The fact that Mr. Grady may be barred from filing a second or successive motion in the sentencing court pursuant to § 2255 also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179. Therefore, Mr. Grady will be ordered to show cause why this action should not be denied because he has an adequate and effective remedy pursuant to § 2255 in the sentencing court.

The court also finds that the instant action is successive and abusive. Pursuant to 28 U.S.C. § 2244(a), the court may deny a habeas corpus application asserted pursuant to 28 U.S.C. § 2241 that is successive or abusive. *See George v. Perrill*, 62 F.3d 333, 334-35 (10th Cir. 1995). A successive application raises claims identical to those raised and rejected on the merits in a prior application and an abusive application raises new claims that were available but were not raised in a prior application. *See Schlup v. Delo*, 513 U.S. 298, 319 n.34 (1995). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, the court may not address the merits of successive or abusive habeas claims. *See id.* at 318-23; *George*, 62 F.3d at 335. As noted above, Mr. Grady has filed at least two prior habeas corpus applications
3

pursuant to 28 U.S.C. § 2241 raising the same claims he raises in the instant action. Mr. Grady was advised in both prior § 2241 cases that his claims are not properly raised pursuant to § 2241 because those claims must be raised in the sentencing court. Therefore, Mr. Grady also will be ordered to show cause why the application should not be denied as successive or abusive.

Finally, Mr. Grady also has filed "Petitioner's Motion Requesting to be Released on Bail Pending Review of Decision Pursuant to Rule 23(c)." That motion will be denied.  Accordingly, it is

ORDERED that Mr. Grady show cause in writing **within thirty (30) days from the date of this order** why the habeas corpus application should not be denied for the reasons stated in this order.  It is

FURTHER ORDERED that if Mr. Grady fails to show cause to the court's satisfaction within the time allowed, the application will be denied and the action will be dismissed without further notice.  It is

FURTHER ORDERED that "Petitioner's Motion Requesting to be Released on Bail Pending Review of Decision Pursuant to Rule 23(c)" filed on October 31, 2006, is denied.

DATED November 14, 2006, at Denver, Colorado.

BY THE COURT:

  s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02185-BNB

Michael Grady
Reg. No. 25943-044
FPC - Florence
PO Box 5000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  11-14-06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk