IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02185-ZLW

MICHAEL GRADY,

   Applicant,

v.

R. WILEY, Warden,

   Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 8 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

---

Applicant Michael Grady has filed *pro se* on December 12, 2006, "Petitioner's Motion to Alter or Amend Judgment Entered by the Court on December 6, 2006." The Court must construe the motion liberally because Mr. Grady is proceeding *pro se*. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be denied.

Mr. Grady's motion to alter or amend the judgment was filed within ten days after the Court's Order and Judgment of Dismissal. Therefore, the Court will consider the motion pursuant to Rule 59(e). See **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991).

In the instant habeas corpus action Mr. Grady is challenging the validity of his conviction from the United States District Court for the Eastern District of Missouri. The Court dismissed the action because Mr. Grady has an adequate and effective remedy available to him pursuant to 28 U.S.C. § 2255 in the sentencing court. The Court also

determined that the instant action is successive or abusive because Mr. Grady has filed at least two other habeas corpus actions in another court raising the same claims he raises in this action and he was advised in both actions that his claims must be raised in the sentencing court. In the motion to alter or amend the judgment Mr. Grady disagrees with the Court's conclusions.

Upon consideration of the motion to alter or amend the judgment and the entire file, the Court finds that Mr. Grady fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Grady does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. Therefore, the motion will be denied. Accordingly, it is

ORDERED that "Petitioner's Motion to Alter or Amend Judgment Entered by the Court on December 6, 2006," which was filed on December 12, 2006, is denied.

DATED at Denver, Colorado, this 15 day of Dec., 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02185-BNB

Michael Grady
Reg. No. 25943-044
FPC - Florence
PO Box 5000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _12-18-06_

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk